# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILEMAN BROS. & ELLIOTT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> HAVEN PACKING & COLD STORAGE, LLC, et al., <br><br> Defendants. | CASE NO. 1:13-cv-00824-LJO-SKO <br><br> **ORDER VACATING APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR HAVEN PACKING & COLD STORAGE, LLC** <br><br> **ORDER REMOVING THE NOVEMBER 6, 2013, DEBTOR EXAMINATION FROM THE COURT'S CALENDAR** <br><br> (Docket Nos. 27, 28) |

## I. INTRODUCTION

On September 13, 2013, Plaintiffs Wileman Bros. & Elliott, Inc. and Kaweah Container, Inc. ("Plaintiffs") filed an Application for Appearance and Examination of Defendant Haven Packing & Cold Storage, LLC ("Haven Packing"). (Docs. 27, 28.) As Plaintiffs' request met the statutory requirements, the Court issued an order on October 2, 2013, for the appearance and examination of Haven Packing on November 6, 2013. (Doc. 32.) In the October 2, 2013, order, Plaintiffs were specifically directed to file a certificate of service establishing that, within 10 days of the date set for appearance and examination, judgment debtor Haven Packing was personally served with the Court's October 2, 2013, order. (Doc. 32, p. 5, ¶ 2.) Plaintiffs failed to file a proof of service.

On October 29, 2013, the Court issued a minute order requiring Plaintiffs to file a certificate of service by no later than October 30, 2013, establishing that Haven Packing was personally served with the Court's October 2, 2013, order, and that failure to file proof of personal service would result in vacating the order for Haven Packing's personal appearance and examination. (Doc. 36.) On October 29, 2013, Plaintiffs filed a Certificate of Service setting forth that Haven Packing's counsel, Patrick J. Gorman, had agreed to accept service of behalf of the judgment debtor and that the Court's October 2, 2013, order was served on Mr. Gorman via mail on October 29, 2013. (Doc. 37.)

For the reasons set forth below, Plaintiffs' service on Haven Packing fails to comply with the statutory requirements for service of an order for examination of a judgment debtor. As such, the Court VACATES the debtor examination of judgment debtor Haven Packing and Haven Packing **shall not** be required to appear for examination on November 6, 2013.

## II. DISCUSSION

As noted in the Court's October 2, 2013, order (Doc. 32), California Code of Civil Procedure § 708.110 sets forth the requirements for the contents and service of an order for examination and states in pertinent part that "[t]he judgment creditor *shall personally serve a copy of the order on the judgment debtor* not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10," which provides that a summons may be served by personal delivery of a copy of the summons. Cal. Civ. Proc. §§ 415.10, 702.110(d) (emphasis added).

The hearing and examination of judgment debtor Packing Haven is set for November 6, 2013. (Doc. 32.) Plaintiffs' Certificate of Service indicates that Plaintiffs served a copy of the order for examination on October 29, 2013, which is only eight (8) days prior to the scheduled November 6, hearing date, not ten (10) days as required under Section 708.110(d). (Doc. 37.) Further, the Certificate of Service states that the order for examination was served via mail, and not via personal service as required under Section 708.110(d).

Additionally, Plaintiffs served Haven Packing's counsel, and stated that Mr. Gorman had "agreed to accept service on behalf of Debtor." (Doc. 37, 2:13.) Section 684.020 of the California

2

Code of Civil Procedure sets forth the requirements for a request for service on an attorney of a judgment debtor and states in pertinent part:

> (a) Except as provided in subdivision (b), when a writ, notice, order, or other paper is required to be served under this title on the judgment debtor, *it shall be served on the judgment debtor instead of the attorney for the judgment debtor.*
>
> (b) The writ, notice, order, or other paper shall be served on the attorney specified by the judgment debtor rather than on the judgment debtor if all of the following requirements are satisfied:
>
> (1) The judgment debtor has filed with the court and served on the judgment creditor a request that service on the judgment debtor under this title be made by serving the attorney specified in the request. Service on the judgment creditor of the request shall be made personally or by mail. The request shall include a consent, signed by the attorney, to receive service under this title on behalf of the judgment debtor.
>
> (2) The request has not been revoked by the judgment debtor.
>
> (3) The consent to receive service has not been revoked by the attorney.

Cal. Civ. Proc. § 684.020(a)-(b) (emphasis added).

Haven Packing has not filed a request with the Court that service be made upon its attorney, nor has Haven Packing's counsel filed with the Court a signed consent to receive service as required under Section 684.020(b). Accordingly, pursuant to Section 684.020(a), Plaintiffs are required to personally serve Haven Packing and may not serve its counsel.

Since Plaintiffs failed to comply with the requirements of service under Sections 684.020 and 708.110 of the California Code of Civil Procedure, Haven Packing has not been properly served with notice of the Court's October 2, 2013, order requiring its appearance at the November 6, 2013, hearing for a debtor's examination. As such, the November 6, 2013, hearing is VACATED and judgment debtor Haven Packing shall not be required to appear.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The order for the personal appearance and examination of Haven Packing & Cold Storage, LLC, is VACATED and the debtor examination is REMOVED from the Court's calendar;

2. **Haven Packing & Cold Storage, LLC, shall <u>not</u> be required to appear for examination on November 6, 2013**; and

3. If Plaintiffs seek a further court order for appearance and examination of the judgment debtor, such a request must be re-filed and a new examination date must be set. Plaintiffs shall be required to comply with the statutory requirements for service of the judgment debtor.

IT IS SO ORDERED.

Dated:   **November 1, 2013**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE